BISHOP & CO. *vs.* COMMISSIONERS OF CROWN LANDS.

EXCEPTIONS FROM RULINGS OF AUSTIN, J.

OCTOBER TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Payment of rent to the Land Agent of the Commissioners of Crown Lands binds the Board.

Receipt of rent by lessor, after breach of covenants of lease known to him, is a waiver of the breach.

Assignee of the lessee may sue lessor for breach of covenant of quiet enjoyment.

Exceptions overruled.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action to recover the sum of $8,000 damages for breach of covenant of quiet enjoyment in a lease made by the Commissioners of Crown Lands of the premises in Honolulu known as "Honolulu Hale."

The complaint in effect states that the lease was made on the 27th of December, 1880, to Whitney and Robertson for the term of ten years from 1st of January, 1881. On the 1st of January, 1882, Whitney sold his interest in the lease to Robertson, and on the 12th of January Robertson, with the consent of the defendants, assigned the lease to plaintiffs by way of mortgage. The lease contains a full covenant for the quiet enjoyment during the term against the lawful claims of all persons. By a decree of the Supreme Court, Ruth Keelikolani and Emma Kaleleonalani were decided to have lawful right and title in fee to the said demised premises, and they evicted the plaintiffs from the premises, and the defendants' covenant for quiet enjoyment has been broken and the lease has become of no value.

The complaint also alleges that the defendants had never re-entered for the purpose of enforcing any forfeiture for breach of condition, and that all forfeitures have been waived by defendants.

The lease contains a covenant by the lessees not to assign the

premises without the written consent of the lessors, and a right of re-entry on breach. It was proven in evidence that $200 rent, accruing since the assignment to Bishop & Co., was paid by Robertson and accepted by one of the defendants, the Land Agent and Commissioner.

The jury rendered verdict for plaintiffs for the amount claimed.

At the trial the presiding Justice ruled, on objection to the introduction of the evidence, that the written consent to the assignment to the plaintiffs by the Crown Commissioner and Land Agent alone was insufficient, but that the receipt by the defendants, as stated, of rent accruing after the assignment was made, operated as a waiver of the breach of the condition in the lease not to assign.

It is contended by defendants' counsel that this is erroneous and the plaintiffs are not entitled to recover in this action because there is no privity of contract between them and the defendants. The payment of rent was not made by plaintiffs as the assignees of the lessee Robertson, and so it does not constitute a waiver, nor recognize their rights under the lease.

We think that payment of rent to the Land Agent, under the statute creating the Commissioners of Crown Lands, binds the Board. It is not required of a lessee that he shall secure the receipt of the entire Commission.

The naked question of law remains as to the effect of this acceptance of rent. In Woods' L. and T., Sec. 323, it is laid down that "an assignment, even when expressly forbidden by the lease, and when, by the terms of the lease, a forfeiture is provided for its breach, is nevertheless valid and passes the estate to the assignee subject to the consequences of the breach, and the landlord may waive the forfeiture either expressly or impliedly, by personally accepting rent that accrues subsequent to the assignment, knowing the fact that such assignment has been made." The case in support is *Goodright vs. Davids*, Cowper, 803. Here Lord Mansfield (in 1778) said : "This case is extremely clear. To construe this acceptance of rent due since the condition broken a waiver of forfeiture, is to construe it according to the intention of the parties. Upon the breach of the condition the landlord has a right to enter. He had full notice of the breach, and does not take advantage of it, but accepts rent subsequently accrued. That

shows he meant the lease should continue. . Cases of forfeiture are not favored in law; and where the forfeiture is once waived the Court will not assist it." In a case in the same volume, *Cheney vs. Batten*, Ashton, J., said: "When an ejectment has been brought on the Statute of 4 George for the forfeiture of a lease, there being half a year's rent in arrears and no sufficient distress in the premises; there acceptance of rent afterward by the landlord has, I believe, been held a waiver of the forfeiture of the lease; which may well be, for it is a penalty, and by accepting the rent the party waives the penalty."

In *Shattuck vs. Lovejoy*, 8 Gray, 204, the Court say: "The breach of covenant by the lessees, by assigning the lease and permitting other persons to occupy the premises, without the approbation of the lessor, or those having his estate in the premises, did not terminate the lease and revest the estate in the lessor or his assigns."

In *Rogers vs. Snow*, 118 Mass., 118, the Court held that a breach of condition in a lease which provides that, in case the lessee neglects to perform his covenants, the lessor may, while such neglect continues, enter upon the premises and expel the lessee, and that upon such entry the term shall cease, does not work a forfeiture of the lease without entry. The Court, per Morton, J., say: "Under this the lease may be terminated upon the refusal to pay rent, at the election of the lessor; but it is clear that unless he enters while the default continues the lease remains in force."

But to give acceptance of rent in such cases the effect of waiver, the lessor must be aware of the assignment.

In *Gregson vs. Harrison*, 2 Term, 430, Ashhurst, J. said that it did not appear that the landlord was cognizant of the forfeiture. "The giving of the receipt by the landlord for rent subsequent to the time of the forfeiture is indeed an acknowledgment of the tenancy, but that is only where he knows the act of forfeiture at the time."

In the case at bar the Commissioner and Land Agent consented in writing to the assignment to the plaintiffs. This must be held to be knowledge of the assignment and was notice to the whole Board.

But it is urged upon us that the plaintiffs have no privity of contract with defendants and consequently have no right to bring this action. By all the authorities a covenant for quiet enjoyment runs with the land and is therefore binding on the assignees of the reversion. It may also be rendered available by the assignees of the term. Wood, L. and T., Sec. 366.

*Campbell vs. Lewis*, 3 B. and Ald., 392, is a case quite similar to the one at bar. An action for damages for breach of covenant for quiet enjoyment by an assignee of a lease was sustained on the ground that there was a *privity of estate* between him and the lessor. Holroyd, J., says: "I am of opinion that this action is maintainable upon the covenant, whether any estate remain in the covenantor or not, for it is a covenant running with the land." In this case it was conceded that there was no privity of contract.

The earlier case of *Middlemore vs. Goodale*, Cro. Car., 503, had decided where a party grants an estate in fee, with a covenant for further assurance, and his grantee grants it over to A, that A may maintain covenant against the original grantor on the ground that a privity of estate exists between them. The same question arose upon a chattel real and was decided the same way in *Noke vs. Awder*, Cro. Eliz., 373, 436.

There is privity of estate between the defendants (lessors) and plaintiffs, who are the assignees of the term, there having been no re-entry for breach of condition.

The exceptions are overruled.

*A. S. Hartwell*, for plaintiffs.

*Attorney-General Neumann*, for defendants.

Honolulu, December 1, 1884.